# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Martin T. Breaker

       Plaintiff,

vs.

Bemidji State University and
Minnesota State Colleges
and Universities

       Defendants.

Court File No._____

**COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiff, by his attorneys, Baker Williams, LLP, brings this action for damages and other legal and equitable relief resulting from Defendant's violations of law.   Plaintiff states the following as his claims against Defendant:

## JURISDICTION AND VENUE

1. This action arises under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301, *et seq.* Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b)(3).

2. The unlawful actions describe in this complaint have been committed in the District of Minnesota, the employment records relevant to these actions are, upon information and belief maintained at the offices of the Defendant in the District of Minnesota, and Defendant's principle place of business is in Minnesota.

## PARTIES

3.  Plaintiff, Martin T. Breaker (Plaintiff or Breaker) is an individual who resides in Ely, Minnesota, County of Saint Louis, State of Minnesota.

4.  Defendant, Bemidji State University, (BSU) is a governmental organization of the State of Minnesota operating under the control and jurisdiction of Minnesota State Colleges and Universities.

5.  Defendant, Minnesota State Colleges and Universities (MnSCU) is a governmental organization of the State of Minnesota and the controlling entity of Bemidji State University.

## FACTS

6.  Plaintiff was employed by BSU beginning in August 1997 as an Assistant Professor in Business Administration.

7.  Plaintiff was also employed by BSU as an Off Campus Business Degree Program Coordinator (Coordinator).

8.  Plaintiff served in the Minnesota National Guard (Guard) and the Army Reserves (Reserves) while he was employed by BSU.

9.  Plaintiff was called to active duty, to serve in Iraq with the United States Army (Army) on September 11, 2005.  He timely notified BSU of his upcoming deployment.

10. Plaintiff honorably served until he was released from active duty September 17, 2008. He notified BSU in 2007 and again in the Fall of 2008 that he would be ready to return to his position as Assistant Professor and Coordinator.

11. Plaintiff was offered a position at BSU  after military service as an Assistant Professor. He was not offered the position of Coordinator.   The new position was of lesser pay, status and opportunity.

12. Three other individuals were offered fulltime faculty positions  while the Plaintiff was deployed.

13. Plaintiff was not notified of these position and he did not have the opportunity to compete for these positions.

14. Plaintiff's position as the Off Campus Business Degree Coordinator was changed to the Online Coordinator position.  This "new" position was nearly identical to Plaintiff's job prior to deployment.  The position was given to someone else while Plaintiff was in Iraq.

15. Plaintiff was not notified of the Online Coordinator position. He was informed that the business department had voted to give the job to the person who was filling in for the Plaintiff while he was deployed.

16. Plaintiff agreed to take the position offered even though it was not equivalent to the position he held prior to deployment, but it was on the condition that he would continue to pursue his rights under USERRA.

17. Defendants would not allow Plaintiff to accept the offered position while he continued to pursue his rights under USERRA.

18. Defendants insisted all USERRA issues be resolved before Plaintiff could be reemployed.

## COUNT I

### VIOLATION OF USERRA, 38 U.S.C. §4301, ET. SEQ.

19. Plaintiff incorporates the above paragraphs by reference.

3

20. 38 U.S.C. § 4311 state in relevant part: "A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."

21. 38 U.S.C. § 4313 requires employers to promptly reemploy a person who is qualified for reemployment pursuant to 38 U.S.C. § 4312 upon that person's completion of a period of service in the United States uniformed services.

22. 38 U.S.C. § 4313 also states that  upon return the former servicemember should be "in the position of employment in which the person was employed on the date of the commencement of the service in the uniformed services, or a position of like seniority, status and pay…"

23. By their conduct, Defendants violated 38 U.S.C. §4301 et. seq.

24. As a direct and proximate result of Defendants' violation, Plaintiff has suffered loss of income and other damages in an amount in excess of $75,000.00.

## ATTORNEYS FEES

25. Plaintiff is entitled to an award of attorneys fees and costs under 38 U.S.C. 4323(h)(2).

## JURY DEMAND

26. Plaintiff demands a trial by jury on all issues that can be tried by a jury.

## PRAYER FOR RELIEF

27. The practices of Defendants complained of be adjudged, decreed and declared to be violative of the rights secured to the Plaintiff by The Uniformed Services Employment and Reemployment Rights, 38 U.S.C. § 4301, *et seq.*

28. That Plaintiff be awarded compensatory damages in an amount to be established at trial.

29. That the Court order Defendant to pay counsel for the Plaintiff their reasonable attorneys' fees and costs and expenses of this action.

30. That Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate, just and or equitable including as available punitive damages.

Dated the 17th day of September, 2012.

BAKER WILLIAMS, LLP

By ____s/John D. Baker_____
John D. Baker 0332008s
2785 White Bear Ave. Ste. 402
Maplewood, MN 55109
(651)773-4111
jbaker@bakerwilliamslaw.com

ATTORNEYS FOR THE PLAINTIFF